# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| HAROLD E. MOWATT and PATRICIA Z. MOWATT,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOME DEPOT, U.S.A., INC.,<br><br>    Defendant. | No. C05-2082<br><br>**ORDER** |

This matter comes before the court pursuant to plaintiffs' November 30, 2005 motion to remand to state court (docket number 3). Defendant resisted plaintiffs' motion to remand on December 14, 2005 (docket number 4), to which plaintiffs replied on December 16, 2005. For the reasons set forth below, plaintiffs' motion to remand to state court is denied.

## Nature of the Action

Plaintiffs initiated this action on October 5, 2005 in the Iowa District Court in and for Black Hawk County. The suit arose out of injuries sustained by plaintiff Harold Mowatt when he fell out of the back of his pick-up truck while loading a grill into his truck at the Home Depot store. According to plaintiffs' lawsuit, Mr. Mowatt's fall from his truck bed was caused by the negligence of the Home Depot employees who were helping him load the grill. Plaintiffs are seeking awards for past medical expenses, future medical expenses, lost wages, lost earning capacity, past and future pain and suffering, past and future loss of function, and loss of consortium. Defendant removed this action to federal court on November 21, 2005. Defendant removed this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction in federal district court in cases between

citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Applicable Legal Standard

A defendant in a civil case, brought in state court, may remove the matter to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003). Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). In a diversity case, the federal court has jurisdiction if "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)[1]. The defendant in this case, as the proponent of federal jurisdiction, bears the burden to prove it. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002) ("The party opposing remand has the burden of establishing federal subject-matter jurisdiction."). Whether federal jurisdiction exists must be determined by looking at the case as of the time it was filed in state court. Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 390 (1988); Core v. Sw. Bell Tel. Co., 847 F.2d 497, 498 (8th Cir. 1988) (holding district court did not err when it retained jurisdiction of a case even though the plaintiff amended his petition below jurisdictional amount after removal). The court must "resolve all doubts about federal jurisdiction in favor of remand." In re Bus. Men's Assurance Co. Of Am., 992 F.2d 181, 183 (8th Cir. 1993).

---

[1] The court in Kopp resolved that this was the applicable standard, combining the "legal certainty" standard announced in Larkin v. Brown, 41 F.3d 387 (8th Cir. 1994) with the "preponderance of the evidence" standard established in McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936).

Analysis

Plaintiffs argue that remand to state court is warranted in this case because the defendant, as the removing party, has not and cannot establish that the "amount in controversy" exceeds $75,000. According to the plaintiffs, Mr. Mowatt's past medical expenses total $3,894.58, and are not expected to grow very much as Mr. Mowatt has not been to a doctor for treatment relating to these injuries since July 2005. Mr. Mowatt's lost wages total $6,895.46, including lost overtime, but not accounting for the loss of profit-sharing bonus, which is based partially upon hours worked[2]. Plaintiff contends that Mr. Mowatt's future loss of earning capacity is unlikely to be high since Mr. Mowatt is now retired. The other damage figures are obviously not known at this time, plaintiff contends, but are not expected to exceed $75,000 when combined with the other amounts. Counsel for plaintiff has assured the defendant that he will not expressly ask for an award in excess of $75,000, but is not willing to stipulate to a damage ceiling of $75,000, noting that it is within the sound discretion of the jury as to the exact amount of damages to award.

Defendant resists plaintiffs' motion to remand, arguing that the information available at the time of removal indicates that the amount in controversy in this smatter is likely to exceed $75,000. Specifically, defendant points to a pre-lawsuit letter wherein plaintiffs' counsel represented that Mr. Mowatt had "suffered serious injuries which required an ambulance to come to the scene and transport him to the hospital." According to the defendant, Mr. Mowatt's injuries were serious enough to qualify him for short-term disability and he missed eleven weeks of work. Defendant further points to the various categories of damages sought by plaintiffs, as set forth above, and notes that the plaintiffs refused to enter into an irrevocable stipulation limiting their damage claim to $75,000.

---

[2] Defendant asserts that the gross amount of lost wages is actually $9,746.00.

3

The fact that plaintiffs are reserving the opportunity for a jury to award them more than $75,000, defendant argues, means that the "amount in controversy" exceeds $75,000.

Thus far, plaintiffs have itemized their damages as $3,894.58 for past medical expenses and $6,895.46 for lost wages (including overtime). This totals $10,790.04. Yet to be determined, however, are the values of plaintiffs' claims for future medical expenses, lost wages in the form of lost profit-sharing bonus, lost earning capacity, past and future pain and suffering, past and future loss of function, and loss of consortium. While an award of nearly $65,000 for these damages may, in fact, be generous for plaintiffs' claims, it cannot be said that a fact finder could not legally award such an amount. Kopp, 280 F.3d at 885. As such, defendant has met its burden of establishing that the "amount in controversy" exceeds $75,000. Plaintiffs' motion to remand must be denied.

Upon the foregoing,

IT IS ORDERED that plaintiffs' motion to remand to state court (docket number 3) is denied.

February 27, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT